UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND LOUBIER IRREVOCABLE TRUST, NOELLA LOUBIER IRREVOCABLE TRUST, GERVAIS A. LOUBIER, <br>     Plaintiffs, <br><br> v. <br><br> NOELLA LOUBIER, <br> RAYMOND LOUBIER REVOCABLE TRUST, <br> NOELLA LOUBIER REVOCABLE TRUST, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> :     3:13-cv-01213-WWE <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

    This is an action by a beneficiary and two irrevocable trusts claiming violation of fiduciary duties. Plaintiffs seek a declaratory judgment, accounting, and damages against the individual defendant as trustee and two revocable trusts.

    Defendants have moved to dismiss for lack of subject matter jurisdiction. For the following reasons, defendants' motion will be granted.

**DISCUSSION**

    Plaintiffs submit that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 29 U.S.C. Section 1332. All parties agree that Raymond Loubier is a citizen of Connecticut and that Noella Loubier is a citizen of Florida. Defendants argue that the irrevocable trusts are sited in Florida, defeating complete diversity.

    Defendants attached a copy of the Raymond Loubier Irrevocable Trust Agreement dated January 29, 2003, and contend that the version attached to plaintiffs' complaint is old and obsolete. The January 2003 version lists Noella Loubier as trustee and designates Florida as the situs of the trust unless the trustee, in the exercise of her sole and absolute discretion, transfers to

another jurisdiction. Noella has made no such transfer.

Plaintiffs respond that, pursuant to Navarro Savings Association v. Lee, 446 U.S. 458 (1980), only the citizenship of the individual parties (not the trusts) matter for purposes of diversity jurisdiction.

Navarro does hold that only real parties to a controversy are significant for purposes of diversity jurisdiction. Id. at 461-66. "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Id. at 461. However, the primary import of Navarro is the determination that trustees as opposed to beneficiaries are real parties for purposes of trust citizenship. Accordingly, plaintiffs' reliance on Navarro is misplaced. At least one of the plaintiff trusts shares Florida citizenship with defendants, so defendants' motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk is instructed to close this case.

Dated this 21st day of October, 2014, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
    WARREN W. EGINTON
    SENIOR UNITED STATES DISTRICT JUDGE