UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE RAYMOND LOUBIER          :
IRREVOCABLE TRUST,           :
THE NOELLA LOUBIER            :
IRREVOCABLE TRUST, and THE   :
ESTATE OF GERVAIS A. LOUBIER,  :
      Plaintiffs,                 :
                                     :
v.                               :          3:13-cv-01213-WWE
                                     :
NOELLA LOUBIER, THE RAYMOND  :
LOUBIER REVOCABLE TRUST, and THE
NOELLA LOUBIER REVOCABLE TRUST,
      Defendants.

## <u>MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS</u>

This is an action by two irrevocable trusts and an estate claiming violation of fiduciary duties by the trustee of the defendant trusts. Plaintiffs seek a declaratory judgment, accounting, and damages against the individual defendant as trustee and the two revocable trusts.

Defendants have moved to dismiss the complaint in its entirety. For the following reasons, defendants' motion will be granted.

## DISCUSSION

Defendants argue at the outset that they are not subject to personal jurisdiction, as none of them maintains any meaningful contacts with the state of Connecticut. Plaintiffs respond that personal jurisdiction "may be sustained under the analysis in *Parker v. Stone*." <u>See</u> 2008 WL 323876 (D. Conn. Feb. 4, 2008). <u>Parker</u> concerned a suit against an attorney, Van Nuys, for improper conservation, management, and execution of the Parker's estates. There, the court held that Van Nuys had conducted sufficient business in Connecticut and purposefully availed himself of the benefits of Connecticut law:

1

The court finds the Connecticut long-arm statute applies to Van Nuys. He purposefully sought employment within Connecticut by contracting to both create and become co-trustee of the AFP Trust, at the request of Alice Parker, a Connecticut resident. Van Nuys traveled to Connecticut to finalize an amendment to the AFP Trust that specifically named him co-trustee. Upon Alice Parker's death, Van Nuys continued his duties, for which he was compensated, as the estate was probated in Connecticut. He was an active participant in the probate proceedings, including making probate court appearances and filing documents with the court. Additionally, he initiated a dispute in Connecticut probate court over the disposition of assets within the state, most notably the contents of Alice Parker's safe deposit box in a Connecticut bank. Finally, Van Nuys was an active and willing participant in the circumstances regarding Larry Parker's estate. Larry Parker's estate and the attendant probate court proceedings are intrinsically linked to the estate of Alice Parker and the allegations against Van Nuys.

Based on the same set of facts, the court also finds that due process is not offended by the exercise of jurisdiction over Van Nuys. It was foreseeable that Van Nuys could be sued in Connecticut regarding the ongoing disputes over Alice Parker's estate. Van Nuys went so far as to interject himself in probate proceedings in Connecticut regarding both Parker estates, and even initiated probate court proceedings seeking unpaid fees and control over assets in Connecticut.

2008 WL 323876, at *3 (D. Conn. Feb. 3, 2008).

Nevertheless, the instant case shares no similarity of facts with Parker. Here, it is undisputed that the defendant trusts are Florida trusts, drafted and signed in Florida. They have been administered exclusively in Florida. The trusts maintain no property in Connecticut. Nor has the trustee, Noella Loubier, had any personal connection to Connecticut that would avail her of the benefits and protections of Connecticut law or give her the expectation that she could be haled into a Connecticut court.

Plaintiffs bear the burden of demonstrating that the court has personal jurisdiction over defendants. Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). This showing can be made through affidavits and supporting materials "containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant[s]." Id. Here, plaintiffs have failed to assert any facts to establish such jurisdiction.

Plaintiffs argue in the alternative that quasi in rem jurisdiction should apply but again fail to assert any facts that would establish such jurisdiction. Instead, plaintiffs rely without explanation on another inapposite case, Monahan v. Holmes, 139 F. Supp. 2d 253 (D. Conn. 2001), which plaintiffs characterize as "quite parallel."

Monahan is not parallel to the instant case. See id. at 262. There, the court found that the defendant purposely availed herself of the benefits and protections of the laws of the State of Connecticut by appointing the plaintiff, a Connecticut resident, to serve as trustee of the trust at issue. Id. Indeed, trustees are the real parties in interest to a controversy involving a trust based on their possession of "certain customary powers to hold, manage, and dispose of assets," See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464-65 (1980), and trusts are incapable of being haled into court except through their trustees. See Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 731 (2d Cir. 2017).

Here, as discussed above, the defendant trusts are Florida trusts with a Florida resident trustee. It is unclear why plaintiffs characterize Monahan as "quite parallel." It is similarly unclear how characterizing this case as involving quasi in rem jurisdiction helps plaintiffs' cause, as there is no allegation that this case involves property connected to the State of Connecticut.

Moreover, the Second Circuit has determined that trusts cannot sue or be sued except through their trustees, Loubier 858 at 731, and an estate is also not a legal entity with the capacity to sue under Connecticut law. See Rock v. University of Connecticut, 323 Conn. 26, 32 (2016) (holding that no action may be commenced except in the name of the executor or administrator, and a motion to dismiss will be sustained if an action is commenced simply in the name of the estate). Accordingly, all of the named plaintiffs lack the capacity to sue, and the case may be dismissed on that basis alone.

Plaintiffs request that the court transfer this case to the District of Florida in lieu of dismissal. Defendants respond that transfer is inappropriate, as it is not in the interest of justice to transfer a meritless claim, especially where plaintiffs lack capacity to sue in the first place. See Thomas v. Barrett, Daffin, Frappier, Turner & Engel LLP, 532 Fed. Appx. 10, 11-12 (2d Cir. 2013) (affirming dismissal in favor of transfer where plaintiffs lacked standing). Defendants also contend that plaintiffs' lack of attentiveness should weigh in favor of dismissal. See Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 394 (2d Cir. 1992) ("Upon reviewing the facts, we conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."). The court agrees. The case will be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk is instructed to close this case.

Dated this 21st day of March, 2018, at Bridgeport, Connecticut.


_____/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE